IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JEFFREY OWEN READY,

       Defendant.

04-CR-162-BR
(05-CV-748-BR)

OPINION AND ORDER

KARIN J. IMMERGUT
United States Attorney
GREGORY R. NYHUS
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

       Attorneys for Plaintiff

JEFFREY OWEN READY
#27588-086
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378

       Defendant, *Pro Se*

1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Defendant Jeffrey Owen Ready's Motion to Vacate or Correct Sentence under § 2255 (#77), Motion to Amend/Correct Motion to Vacate or Correct Sentence under § 2255 (#86), Motion to Expedite (#89), and Motion for Reconsideration (#92).

Although in an Opinion and Order issued July 25, 2005, the Court prohibited Ready from filing any further motions until after the above four Motions were resolved, Ready continued to do so as follows: Motion (#98) to Rule on 28 U.S.C. § 2241 and for Appointment of New Counsel, Motion (#99) to Rule on § 2241 and Dismiss § 2255 Petition, Motion (#100) to Waive Assessment, Motion (#101) to Waive Assessment and to Amend his Sentence, Motion (#102) to Honor Relief Based on Vindictive Prosecution, Motion (#104) Regarding Motion to Dismiss his § 2255 Petition, and Motion (#106) for Reconsideration. Notwithstanding the Court's July 25, 2005, Order, the government, as a precaution, filed a Response to these Motions. Because Ready raises essentially the same or related issues in these additional Motions as those raised in the four allowed Motions, the Court will address them in this Opinion and Order.

For the reasons that follow, The Court **DENIES** Ready's Motion (#77) to Vacate or Correct Sentence insofar as he seeks relief under § 2255. The Court **GRANTS** that portion of Ready's Motion

(#86) to Amend/Correct Motion to Vacate in which he requests the Court to interpret his habeas petition as a petition under § 2241 rather than under § 2255 and **DENIES** that portion of the Motion in which he requests the Court to amend or to correct his sentence pursuant to § 2241. The Court **GRANTS** Ready's Motions (#100, #101) to Waive Assessment only to the extent the BOP is making efforts to collect restitution from Ready while he is imprisoned and **DENIES** the Motion to the extent he seeks an order waiving his duty to pay his assessment while he is imprisoned.

The Court **DENIES as moot** Ready's Motion (#89) to Expedite, Motion (#92) for Reconsideration, Motion (#98) to Rule on 28 U.S.C. § 2241 and for Appointment of New Counsel, Motion (#99) to Rule on § 2241 and Dismiss § 2255 Petition, Motion (#102) to Honor Relief Based on Vindictive Prosecution, Motion (#104) Regarding Motion to Dismiss his § 2255 Petition, and Motion (#106) for Reconsideration because the issues in these Motions have been decided by the Court in its rulings on other pending Motions.

## BACKGROUND

### I. Ready's Plea Agreement and Sentence

On May 16, 2002, pursuant to a Plea Agreement with the government, Ready entered a guilty plea to charges of Mail Fraud and Conspiracy to Commit Mail Fraud in violation of 18 U.S.C.

3 - OPINION AND ORDER

§ 1341. Under the terms of the Plea Agreement, Ready agreed he would not seek a downward departure of more than three levels for diminished capacity. The government agreed to request the Court to grant Ready a one-level departure for substantial assistance. In addition, the government agreed to recommend that Ready serve concurrently any additional term of imprisonment imposed by the Court for Ready's violation of the conditions of his supervised release in case No. 03-CR-327-BR. The Plea Agreement further provided

> [t]he defendant knowingly and voluntarily waives the right to file an appeal in this case. Defendant further knowingly and voluntarily waives the right to petition for post conviction relief, except concerning ineffective assistance of counsel or retroactive application of the sentencing guidelines.

At the change-of-plea hearing, the Court specifically reviewed with Ready the waiver and its implications:

> THE COURT: All right. You're giving up, in paragraph 13, the right to appeal in this case. So that means the decision - my decision to let you plead guilty, and therefore your conviction on these two charges, and the sentence I impose, you've [sic] live with, without any direct appeal.
>
> Do you understand?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: You're also giving up the right to bring any action for post-conviction relief; a habeas case, sometimes called a 2255 motion, except on grounds of ineffective assistance of counsel or the retroactive application of the guidelines.

4 - OPINION AND ORDER

>            Do you understand?
>
>            THE DEFENDANT: Yes, your Honor.
>
>                          * * *
>
>            THE COURT: And then . . . it says, I have
>       read this agreement carefully and reviewed every
>       part of it with my attorney. I understand and
>       voluntarily agree to its terms.
>
>            And then it looks like you signed, on
>       Christmas Eve. Did you?
>
>            THE DEFENDANT: Yes, your Honor, I did.
>
>            THE COURT: And when you signed it, were
>       you sure you understood what was in the agreement?
>
>            THE DEFENDANT: Yes, your Honor, I was.
>
>            THE COURT: Was it true that you had read
>       it and discussed it carefully with your lawyer?
>
>            THE DEFENDANT: Yes, your Honor.
>
>            THE COURT: Do you still understand it?
>
>            THE DEFENDANT: Yes, I do.

On March 11, 2005, the Court sentenced Ready. At the hearing, the Court questioned Dr. Jerry Larsen, Ph.D., about his psychiatric evaluation and findings regarding Ready. Dr. Larsen opined Ready had bipolar disorder and depression. In response to questioning from Assistant United States Attorney Gregory Nyhus, Dr. Larsen explained Ready had "frequently" been required to attend counseling or to receive medication and treatment for his disorders by various courts, but Ready often refused to participate in counseling and resisted taking medication. The

5 - OPINION AND ORDER

Court questioned Ready about his frequent failures to attend counseling or to take medications. Ready informed the Court that he was "very sick" and needed "to be back on Interferon again."

When determining Ready's sentence, the Court considered Ready's bipolar disorder and depression, his physical ailments, and Dr. Larsen's recommendations for treatment. The Court balanced these factors against the nature and seriousness of Ready's offenses and the need to protect the public and to deter Ready from committing further crimes. The Court noted the need to protect the public carried particular weight in Ready's case because "the minute [Ready] entered into supervised release he was reemerged in this pattern of criminal behavior that led to the crim[inal] offenses."

The Court found Ready's crimes resulted in a base offense level of six with ten levels added based on relevant conduct (the offense involved between $120,000 and $200,000) for a total offense level of 16. The Court then found Ready was entitled to a three-level reduction for acceptance of responsibility and to an additional one-level reduction for substantial assistance, which resulted in a total offense level of 12. The Court declined to adjust Ready's total offense level downward on the basis of Ready's mental health issues and found Ready's

> criminal behavior is so extended and so seemingly uncontrolled that in this case the seriousness of his risk to the community counterbalances the Court's authority to otherwise impose a more

>lenient sentence based on the defendant's
>diminished mental capacity at the time of these
>offenses.

The Court also found Ready had a criminal history category of six.

The Court sentenced Ready to a prison term of 30 months on each of Counts 1 and 2 to run concurrently. Finally, the Court recommended the Bureau of Prisons (BOP) place Ready at the medical facility in Rochester.

Ready filed a Notice of Appeal on March 22, 2005. The Ninth Circuit Court of Appeals granted Ready's motion to dismiss the appeal on May 25, 2005.

## II. **Ready's Motions**

On May 20, 2005, Ready filed Motion (#77) to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that (1) the Court did not consider that Ready needs to start taking interferon and that the doctor at FCI Sheridan will not prescribe interferon; (2) Ready needs mental health and drug or alcohol treatment; and (3) Ready wanted to call Les Goldman, Ph.D., to the stand to support a diagnosis of bipolar disease, but his "Attorney talked [him] out of this against [his] will."[1]

On June 7, 2005, Ready filed a Motion (#86) to Amend or Correct his previous Motion under § 2255 to a Motion under § 2241

---

[1] Ready, however, states in his Motion that he is not alleging ineffective assistance of counsel.

7 - OPINION AND ORDER

and sought an order allowing him to serve the last 12-14 months of his sentence in a residential treatment center. In this Motion, Ready alleged ineffective assistance of counsel on the ground that his attorney "did not call a suppression hearing" to suppress the testimony of Ready's co-conspirators.

On July 1, 2005, Ready filed a Motion (#89) to Expedite his Motion under § 2241 and reiterated his request to serve the remainder of his sentence in a residential treatment center.

On July 11, 2005, Ready filed a Motion (#92) for Reconsideration and again requested the Court to allow him to serve the remainder of his sentence in a residential treatment center.

On July 25, 2005, the Court issued an Opinion and Order (#97) allowing Ready's attorney to withdraw and denying Ready's request for new counsel. The Court also pointed out the prolific number of motions and other correspondence that Ready had sent to the Court and, as noted, prohibited him from filing further motions until the Court resolved the first four motions.

In the interim, however, Ready filed on July 12, 2005, a Motion (#101) to Amend Judgment to Waive Assessment and to allow Ready to serve the remainder of his sentence in a residential treatment center. On July 27, 2005, Ready also filed a Motion (#98) to Rule on his Motion to Amend his sentence pursuant to § 2241 and for an order appointing new counsel. On July 28,

2005, Ready filed a Motion (#99) to Rule on § 2241 and Dismiss § 2255 Petition on the same grounds reiterated in his numerous other motions and a Motion (#100) to Waive the Assessment until his release from prison.

Notwithstanding notice of the Court's July 25, 2005, Opinion and Order, Ready continued to file Motions as follows: Motion (#102) on August 9, 2005, to Honor Relief Based on Vindictive Prosecution in which he again sought an order allowing him to serve the remainder of his sentence in a residential treatment facility. Ready also alleged the Assistant United States Attorney ignored the fact that Ready has mental health issues.

On August 17, 2005, Ready also filed a Motion (#104) Regarding the Motion to Dismiss his § 2255 Petition in which he reiterated his request to dismiss his petition for habeas relief under § 2255, alleged the Court is prejudiced against him, and requested the Court's assistance in finding case law to support his Petition for habeas relief under § 2241. In addition, Ready filed a Motion (#106) on September 7, 2005, for Reconsideration in which he again requested the Court to allow him to serve the remainder of his sentence in a residential treatment center.

## DISCUSSION

### I. Ready's Motion to Amend His Sentence Pursuant to 28 U.S.C. § 2255 (#77)

In the Plea Agreement between Ready and the government,

9 - OPINION AND ORDER

Ready unambiguously "knowingly and voluntarily waive[d] the right to petition for post conviction relief." In addition, the Court eliminated at sentencing any possible confusion regarding this issue by engaging in an extensive colloquy with Ready in which the Court repeatedly confirmed with Ready that he understood he was "giving up the right to bring any action for post-conviction relief; a habeas case, sometimes called a 2255 motion, except on grounds of ineffective assistance of counsel or the retroactive application of the guidelines." Ready assured the Court at sentencing that he understood the ramifications of his waiver. In addition, Ready did not express any confusion or concern regarding the waiver of his right to appeal and to attack his sentence collaterally. In his later motions, Ready admits he agreed and understood at the time he entered into the Plea Agreement that he was waiving any right to collaterally attack his sentence under § 2255.

Because the language of the Plea Agreement is unambiguous, the Court's colloquy with Ready at the plea hearing and at sentencing was specific and clear, and Ready never expressed any confusion about his waiver at the plea hearing or at sentencing, the Court concludes Ready's waiver of his right to appeal and to attack his sentence collaterally under § 2255 was knowing and voluntary as required by *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The Court, therefore, finds Ready waived his

right to attack his sentence collaterally under § 2255.

Accordingly, the Court denies Ready's Motion to Amend his sentence insofar as he seeks relief under § 2255.

II. **Ready's Motions under 28 U.S.C. § 2241**

   A. **Motion to Construe Ready's § 2255 Motion (#77) as a Petition under § 2241 (#86)**

Ready requests the Court to interpret his previous Motion to Vacate (#77) pursuant to § 2255 as a Motion under § 2241 on the basis that he is, in reality, challenging the manner or conditions of his confinement.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)(citations omitted).

Even though the Court has denied Ready's Motion (#77) insofar as it was brought under § 2255, the Court grants Ready's Motion (#86) to construe Motion (#77) as a Petition to amend his sentence pursuant to § 2241 insofar as he seeks relief by challenging the conditions of his confinement and requesting to serve the remainder of his sentence in a residential treatment facility rather than at FCI Sheridan.

   B. **Merits of Ready's Motions (#77, #86) under § 2241**

Ready requests the Court to amend his sentence to allow

11 - OPINION AND ORDER

him to serve the remainder of his sentence in a residential treatment facility. Ready alleges (1) the Court did not consider his medical needs at sentencing, (2) the Court improperly considered him a menace to society, and (3) Ready's counsel erred when he failed to call Dr. Goldman to the stand during Ready's sentencing hearing.

### 1. The Court Considered Ready's Medical Needs at Sentencing.

At sentencing, the Court heard testimony from Dr. Larsen and questioned him extensively regarding Ready's mental illnesses and ability to conform his conduct to the bounds of society. In addition, the Court heard from Ready himself regarding his health issues. Ready informed the Court he was "very sick, with . . . . I'm going to need to be back on Interferon again. My colon is shot. And I don't want to die in here." The record reflects the Court considered all aspects of Ready's mental and physical status and weighed them against Ready's risk to society and the risk that he would commit further crimes. Ready has not produced any evidence of additional mental or physical conditions that the Court was not aware of at the time of sentencing.

Accordingly, the Court declines to alter or to amend Ready's sentence on this basis.

### 2. The Court Properly Balanced the Factors in Its Determination that Ready Is a Menace to Society.

Ready also alleges the Court improperly considered Ready to be a menace to society. The record reflects, however, that the Court properly balanced Ready's mental illnesses with his inability to conform his conduct to the requirements of society on repeated occasions in the past. At sentencing, the Court stated:

> There is a strong need to protect the community from Mr. Ready. As regrettably is proved by the fact that the minute he entered into supervised release he was reemerged in this pattern of criminal behavior that led to the crim[inal] offenses.

In addition, the Court considered the fact that in the past Ready failed to participate in court-ordered counseling or to take his medication.

The evidence at sentencing established Ready's extensive criminal history, his inability to conform to societal norms, and the fact that Ready committed further crimes while on supervised release. The Court, after weighing those factors against Ready's mental illnesses, concluded Ready is a menace to society.

Accordingly, the Court declines to amend or to alter Ready's sentence on this basis.

### 3. Ready Has Not Shown He Received Ineffective Assistance of Counsel.

Although Ready states in his Motion (#77) to

13 - OPINION AND ORDER

Vacate his sentence that he is not alleging ineffective assistance of counsel, he seems to allege ineffective assistance of counsel in his Motion (#86) to construe Motion (#77) as a Petition to amend his sentence pursuant to § 2241 with respect to his attorney's failure to put Dr. Goldman on the stand. Ready apparently alleges ineffective assistance of counsel because his attorney refused "to call a suppression hearing," but Ready does not clearly identify the purpose for such a hearing.

### a. Standards to Establish Ineffective Assistance of Counsel

To prevail on his claim of ineffective assistance of counsel, Ready must show his counsel's performance fell below an objective standard of reasonableness and counsel's inadequate performance prejudiced Ready's defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first part of this test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. While this burden is not insurmountable, there is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." *Id.* at 689.

To establish the second prong of the *Strickland* test, Ready "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. To

14 - OPINION AND ORDER

determine whether Ready was prejudiced by ineffective assistance of counsel, this Court must examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'" *See United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir. 1994)(quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

      **b.    Counsel's Failure to Call Dr. Goldman to the Stand Is Not Sufficient to Establish Ineffective Assistance of Counsel.**

Although Ready's counsel did not call Dr. Goldman to the stand, Dr. Goldman's report was attached to the presentence report and considered by the Court at sentencing. In addition, the Court heard testimony from Dr. Larsen and concluded "[t]here is also clearly something very wrong in Mr. Ready's mental health makeup, and it isn't all volitional. There is something going on here that has continued to affect his behavior, his choices over his adult life." Ready has not shown Dr. Goldman's testimony would have added anything to his report or would have affected the Court's decision at sentencing.

      **c.    Counsel's Failure "to Call for a Suppression Hearing" Is Not Sufficient to Establish Ineffective Assistance of Counsel.**

Ready seems to allege his counsel should have moved to suppress the testimony of Robyn Huskins and Gene Morrow in which they allege Ready was the organizer of the crimes at issue. Ready, however, does not identify any legal basis on which his counsel should have moved to suppress the testimony of

either Huskins or Morrow.

Ready contends he might have received a shorter prison sentence the basis of diminished capacity if the Court had believed Ready was not the organizer of these crimes. The Court, however, reached its decision with respect to Ready's sentence based on Ready's mental illnesses, his repeated inabilities to conform his conduct to society's expectations, his long criminal history, his failure to participate in treatment programs in the past, and his participation in the crimes at issue here while he was on supervised release on another matter rather than on his status as the organizer of these crimes.

In summary, the Court finds Ready has not established either that his counsel's conduct fell outside "the wide range of reasonable professional assistance" or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Accordingly, the Court declines to amend or to vacate Ready's sentence on the basis of ineffective assistance of counsel.

### 4. Additional Issues

Although the titles of some of Ready's Motions suggest other issues such as vindictive prosecution or reconsideration, these Motions, in fact, raise only the issues addressed by the

Court.

III. **Ready's Motions to Waive Assessment until His Release from Prison (#100, #101)**

On July 12, 2005, and July 28, 2005, Ready filed Motions to Waive Assessment until he is released from prison alleging the BOP is seeking restitution from him in the amount of $25.00 per quarter "even though the Court waived restitution."

In the Judgment entered March 11, 2005, the Court ordered Ready to "pay a special assessment in the amount of $100.00 each for Count(s) 1 and 2, for a total assessment of $200.00 payable immediately to the Clerk, U.S. District Court." The Court further ordered Ready to pay restitution in the amount of $23,743.85 "due and payable in full immediately." The Court waived the interest requirement for restitution.

On April 8, 2005, the Court entered an Order in which the Court concluded it was in the interests of justice to relieve Ready from his duty to pay restitution out of his prison earnings. The Court, therefore, deferred Ready's obligation to begin monthly payments toward restitution until his release.

To the extent the BOP currently is making efforts to collect restitution from Ready, the Court grants Ready's Motions and directs the BOP to cease all such efforts in accordance with the Court's April 8, 2005, Order. To the extent the BOP is making efforts to collect the special assessment ordered by the Court in its Judgment, the Court denies Ready's Motions to waive payment

17 - OPINION AND ORDER

of this assessment.

## CONCLUSION

For these reasons the Court:

1. **DENIES** Ready's Motion (#77) to Vacate or Correct Sentence insofar as he seeks relief under § 2255;

2. **GRANTS** the portion of Ready's Motion (#86) to Amend/Correct Motion to Vacate in which he requests the Court to construe Motion (#77) as a petition under § 2241 rather than under § 2255 and **DENIES** these portions of Ready's Motions (#77, #86) in which he requests the Court to amend or to correct his sentence pursuant to § 2241;

3. **GRANTS** Ready's Motions (#100, #101) to Waive Assessment to the extent the BOP is making efforts to collect restitution from Ready and directs the BOP to **CEASE** those efforts pursuant to the Court's Order issued April 8, 2005.

4. **DENIES** Ready's Motions (#100, #101) to Waive Assessment to the extent the BOP is collecting the special assessments ordered by the Court in its Judgment;

5. **DENIES as moot** Ready's Motion (#89) to Expedite;

6. **DENIES as moot** Ready's Motion (#92) for Reconsideration;

18 - OPINION AND ORDER

7. **DENIES as moot** Ready's Motion (#98) to Rule on 28 U.S.C. § 2241 and for Appointment of New Counsel;

8. **DENIES as moot** Ready's Motion (#99) to Rule on § 2241 and Dismiss § 2255 Petition;

9. **DENIES as moot** Ready's Motion (#102) to Honor Relief Based on Vindictive Prosecution;

10. **DENIES as moot** Ready's Motion (#104) Regarding Ready's Motion to Dismiss his § 2255 Petition; and

11. **DENIES as moot** Ready's Motion (#106) for Reconsideration.

IT IS SO ORDERED.

DATED this 14th day of December, 2005.

ANNA J. BROWN
United States District Judge